The next case before the court is Starry Associates v. United States, an appeal from a decision of the Court of Federal Claims. Case number 172148, Mr. Echols, Ms. Echols, I'm sorry, you want five minutes for rebuttal? The court should reverse the trial court's award of actual attorney fees under the special factor provision of subsection D of section 2412 of the Equal Access to Justice Act. So can I just ask you from the start, what other special factor besides needing extremely skilled attorneys or a paucity of attorneys in that area can you think of? Because I tried to think of other special factors, and I have a hard time coming up with any. Well, Your Honor, I can't say that I have considered any that would fall under the umbrella as the court is considering here. We've seen it by, you know, consideration of other courts, consideration of delay, things like that. However, as this court- I assume you would argue delay isn't compensable under this either. Correct. I mean, delay sounds an awful like awarding interest under other words, which I think at least our precedent has made clear you can't do. That's correct, Your Honor. We agree with this court's ruling in Chiu that- So you haven't been any more creative than I have in coming up with another special factor? No, we have not. But we acknowledge- So why would the language of the statute say, you know, among other things or including, why wouldn't it say the only time this can happen is when you don't have enough attorneys available or the right skilled attorneys available? I think there is some flexibility in the statute to award an enhancement for a special factor as long as that special factor justifies the higher fee, as explicitly stated by the provision itself. But based on your argument, that's what- I'm in the same place Judge Hughes is. If your argument is correct, if there's flexibility in the statute, what is it for? I think that it's for situations that maybe we can't come up with here today or that the Congress didn't come up with when they were promulgating the statute. But it does allow for some occasion where there is a special factor that justifies a higher fee. This problem with what Starry puts forward here in the expansive reading of the statute by the trial court is that it is inconsistent with not only the canons of statutory construction, but a reading of the special factor exception so broadly also is not in keeping with the broader context of the statute itself. If we look at section D2A specifically, which is the special factor provision, what we see again explicitly stated is that whatever the special factor is that Starry or anyone else could dream of, that it must justify a higher fee. That's the first issue that we have here. Because Starry has made no showing, either before the trial court or on appeal, or in this appeal, that anything related to the government's conduct has justified a higher fee. The other problem with such an expansive reading of the statute is that it does not comport with what is the threshold inquiry of an award under subsection D, which is under subsection D1B, which this court talks about in two. The statute requires that in considering whether or not the government's position is substantially justified, that the applicant allege that the position was not substantially justified and that that determination shall be based on the record, which should include, and this is explicitly set forth in statute, action or failure to act by the agency upon which the civil action is based. As this court explains in two, following the 1985 amendment of the statute by President Reagan to include this language about the government action, that the courts were then instructed to consider government conduct in that threshold inquiry of whether or not the position was substantially justified. But does it say that if you're to consider that in that threshold inquiry, you can't consider it anywhere else? Two does not go that far, but we see that other courts have. The Second Circuit has gone that far, the Fifth Circuit has gone that far, the DC Circuit has gone that far. You're asking us to say that it doesn't matter how bad the government's conduct was, that once we conclude it wasn't substantially justified, then we can't look at that conduct for any other purpose. Proceeding under subsection D, the special factor exception does not allow for a consideration of the government's conduct is what the government's position is, and that Congress has expressly provided redress. There is a structure by which the government, I'm sorry, the court may consider the government's conduct in assessing whether the amount of fees. And in doing so, the court must proceed under subsection B. That's not what happened here. The court was very clear that it was proceeding under, or its analysis was being conducted under subsection D. Starry was very clear that it was proceeding in its application under subsection D. Under subsection B, do you believe that the bad faith that's contemplated under B relates to bad faith by the government lawyers litigating the case, or does it relate to bad faith by the agency? I think it's more closely is concerned or is more concerned with the conduct during litigation. Okay. So what you're saying then is that, you know, there is a difference between not substantially justified and completely egregious, right? I agree. And while we can debate what the underlying facts here, clearly the court felt that the underlying facts here meant that the conduct of the agency was particularly egregious, right? At least that's what the court thought. Yes. Whether you agree with it or not. So what you're saying is there's no remedy for that. What we are saying is that under subsection D, that the remedy for a position that is not substantially justified, in this case, the reason why. But you're saying there's no remedy under either B or D? Because you just told me B only relates to the lawyers and he didn't say anything bad about the lawyers in the course before him or her. I'm not sure. It was him, Judge Murphy. There's no remedy under subsection D necessarily for the agency's conduct, as it was found here. However, the remedy is not an equitable one. There is a remedy that's provided for under the statute, and that is the ability to recoup some of the fees up to a cap. There is no cap on the hours. So to the extent, as Starry argues, that the government's conduct has created this track of litigation that's caused it to incur costs and deal with all of the issues that are pertinent to litigation. But so the answer to me is yes, there's no remedy for the difference between not substantially justified and really, really egregious. That is correct. There's no, in that measure, there's nothing a court can do. That is correct. It is not up to the court to fashion a remedy that's not explicitly set forth by Congress in the statute. As this court has recognized. Is there any remedy outside of this statute? Could a separate action be brought against the government or the government individual that was involved in, say the individual was taking bribes and put aside criminal, but would there be any civil remedy for Starry under those circumstances? I'm not sure I have an answer to that, Your Honor. I'm not clear on that, but I believe what we're dealing with here, and I believe it was the second circuit in, I'm sorry, not the second circuit, it was the DC circuit in, in Rayfield that kind of addresses what Your Honor is alluding to. And the fact that there is, there may be some perceived gap. The court may say, the government's conduct here is troubling. And there is a gap between what I can find under subsection D and what's available as a remedy under sub, I'm sorry, what I can find under subsection B under the bad faith, vexatious, wanton conduct standard. And what's available as a remedy or in terms of compensation, limited compensation under subsection D. The issue is, as the DC circuit recognized, is that Congress has not devised a sentence, a system to penalize the degree of the government's conduct or how unjustified the government's position may have been. That's just where we are. And while, you know, certainly admittedly the trial court was not pleased with the government's actions here, and that's clear from the opinion, that does not give the court carte blanche to come in and devise or fashion its own remedy to Isn't the remedy for government misconduct in a procurement, the ability to get an injunction against the procurement, to get bid prep costs that were contained in the procurement and any other kinds of things, that's what you get for government misconduct in a procurement. That's correct, your honor. The government's conduct during the procurement is addressed on the merits. And in this case, And Congress hasn't enacted any statute that provides for any kind of enhanced damages or punitive damages or the like for egregious government misconduct. That's correct, your honor. Not under subsection D. There are no further questions at this time. I'd like to yield the rest of my time. Not yield, but reserve. One, one last question. Could the court have said that given how improper it felt the government's purposes were, that it could enhance the number of hours that for which there was recovery rather than enhancing the fees? Assuming that there was sufficient proof that the number of hours were actually worked, incurred or performed by the attorneys involved in this case, then there is no cap in the statute to compensating up to the rate cap plaintiffs for that number of hours. And we certainly didn't quibble with Starry in this case about the number of hours that they claimed or anything of that nature. This appeal is really limited to this legal question as to whether or not the government's conduct is a sufficient basis to impose enhanced fees, which would be akin to impermissible imposition of punitive damages. And again, before you sit down, I know you want to save all this time, but I've got some questions. So 2412B, what cases talk about B and what the scope of B really is? I know you say you think it relates to DOJ conduct of the attorneys litigating the actual case before the Court of Federal Claims or before whoever you're litigating before. Are there cases that talk about that? There are cases that certainly explore what the scope of liability is for the government under subsection B of 2412. What do you think are the clearest cases? One I can think of off the top of my head is Sufi, S-U-F-I. I have a few more that I'd be happy to present to the court perhaps after. OK, thank you. Good morning, Lawrence Anderson for Appleby, Story Associates, the woman on small business. The small business status of Story is a critical factor in this case. We believe this case should be decided on the plain language of the Equal Access to Justice Act and the guidance provided by the U.S. Supreme Court in Pierce v. Underwood. Did the court say that it was finding a special circumstance because of the small business nature of the entity involved? The section, subsection D of the Equal Access to Justice Act was set up by Congress specifically to provide some relief only to small businesses. A large business cannot seek any relief under subsection D, only small businesses. And it was a clear intent of Congress that if a small business litigated against the government and prevailed and the government's position was not substantially justified, that at a minimum, the small business would receive some compensation for the legal fees. Right. And and and clearly there there is an entitlement to fees here and the government is not objecting to that. The question is what when you say at a minimum, the question is, how do you get beyond that minimum? You get beyond that minimum because subsection D. I mean, you phrase it in terms of a minimum, but that's not the language Congress uses. They say there's a cap unless you provide special factors or you already got the cost of living adjustment, I assume. Well, the government has acknowledged that we're entitled to it, although they haven't paid it. Well, I mean, which is another issue. Well, it's on appeal. I mean, he awarded more than they think they owe. Well, we've asked the small business to at least pay what they agreed they owe. But the subsection D specifically gives the court the discretion to award more than the cap of 125. They can award, they can up it for the cost. But it's not unfettered discretion. I mean, that's the problem is we're trying to figure out what defines that discretion. Only if the if the court were to find that the trial court, the court of claims abused its discretion. Only an abuse of discretion in applying the sub special factors would be the review. The Supreme Court. Well, not if we conclude that this is a legally incorrect theory. I mean, the EJA was enacted to ensure that people weren't deterred from bringing cases against the government because they couldn't afford attorneys and it put in place a cap. This whole statute is directed at affording attorneys and paying attorneys. It's not directed at punishing the government for misconduct. It is directed at providing some relief to a small business that has prevailed. And if in the discretion of the trial court believes there are some special factors that would permit enhancing the hourly rate and the Supreme Court in Pierce versus Underwood made it very specific that the only just the only review is whether or not the trial court abused its discretion. The government's position is essentially saying that if the government. Not if we disagree that that this statute can't be used to punish government misconduct. Your theory sounds like enhanced damages or punitive damages to me in the form of extra attorney fees. If you want punitive damages or enhanced damages against the government, there has to be a clear and specific waiver of sovereign immunity against the United States. I don't see that here. I believe it is here. If you read the statute, it says that the court may determine a special factor will allow the enhancement of attorney fees. Now, we can't be punitive to go in. Can I? I know I'm interrupting you, but I get to do that. You don't get to interrupt me. It says that in the context of the other adjustment clause, which is about cost of living. So that phrase you're talking about in context is looking at whether the attorney's fees should be enhanced either because the cost of living increase is allowed or other special factors such as the need to hire specialized attorneys. Those are all directed at the paying of the attorneys. They're not directed at whether the government committed misconduct or not. There is no limitation on. There is. There is. If we read that sentence as placing a boundary on what special factors meant. The U.S. Supreme Court in Pierce v. Underwood, which first addressed whether in that case, whether the special counsel qualified as uniquely expertise. They said it didn't. But then it said under special factors, you can consider other factors. And the only restrictions the Supreme Court put on the other special factors was abusive discretion by the trial court and that those other factors, those special factors could not be broad and general application to litigation. And they could not be applicable to a broad spectrum of litigation. But that's actually what you're asking for. You're asking for a rule that if the government's misconduct is egregious, that that can justify an enhancement. That is correct, Your Honor, because the government. Are you aware of any case where the Supreme Court, this court, any other circuit court has used a special factor to penalize the government for misconduct rather than awarding enhanced fees because of lack of qualified counsel or the like? This is a case of first impression. There's no case that says they can't. Well, I'm not so sure about that. There are lots of other courts, not us and not the Supreme Court. But again, the government's position, Congress set this up so that there could be some compensation to small businesses. There is compensation. That's exactly what they set up. They set up, you get this cap and these other adjustments. But if they wanted to give you actual attorney's fees or if they wanted to give you actual attorney's fees in the face of egregious government misconduct, they would have said that. These special factors have to be read in the context of where they fall within the statutory language. And they're talking about adjustments to fees based upon factors inherent to the attorney, not to the government. Is there any place in that statutory cap language that references the government misconduct? The statute gives the trial court the discretion. And well, that's what we're here to decide, but you can't just say that H.C. Dixit. Yeah. To follow up on what Judge Hughes is saying, the statute, the whole context of the statute is to provide parties with the ability to access the judicial system to seek relief. It's not a statute intended to provide compensation or a remedy or a relief or a punishment. And that's why it seems to me it's focused on the attorney rate. The cap is on the rate of the attorney fee and it's talking about the ability to gain access to representation in order to avail oneself of the judicial system. It's not talking about what happens at the end of the trial and getting the proper remedy or relief or compensation. The Supreme Court in Pierce v. Underwood made it very clear that this subsection D is not limited to only additional compensation. Well, and that's what we're going very back to the point that that we started with was what we agree that the statute read logically does not limit itself to one circumstance, but we're trying to understand what the other circumstances might be. So let me ask you, did you did you ask for a finding of bad faith under 2412 B? No, we didn't, Your Honor, because we're small business. And under D, we have to apply within 30 days. If we had in the government's position basically is if the government's conduct is so egregious that the only remedy is to go under D, under B rather. And if you're a small business and you go under B and you can't prove bad faith under law, then you get nothing. And that was not the intent. Are you prohibited from asking for fees under both provisions? You cannot, Your Honor. You have to under D, if you're small business, you have to file within 30 days. Well, why can't you file both? I don't think you can cover two litigations. I don't understand what you're saying. I think is there any is there anything in the statute or anything in precedent that prohibits you from filing in each application, saying we're at least entitled to fees under D, the substantial justification thing with the cap. But we think the government's litigation misconduct or the misconduct overall was so egregious that we're also under B entitled to actual attorney fees. It's possible. However, D was set up for small businesses, and it provides that the trial court can exercise its discretion and special factors. And we should not be prohibited. A small business should not be excluded from getting an enhancement because of the misconduct of the government. Shoulds, you know, are questions for Congress, though. So we have to figure out what what Congress actually said. I mean, there are lots of gaps. There's lots of times when it seems that it's unfair the way parties who have to deal with the government are treated. The question is, what are the remedies for that? Then again, you look at Pierce versus Underwood in the U.S. Supreme Court. You keep citing Pierce. Can you cite can you quote the language you're relying on? I don't I've read Pierce numerous times, although not recently. And I can't recall anything specific that would justify using this special factor enhancement as a punishment for government misconduct. But the one thing Pierce stated that. Under special factors to enhance fees, the public court must apply an abuse of discretion standard. It still doesn't say what special factors are. Then it says having excluded in Pierce the expert attorney requiring additional fees, the court then said we address other fees, other factors that fall under special factors. They eliminated some. They eliminated novelty and difficulty of issues. They eliminated the undesirability of the case. They eliminated the work and ability of counsel and they eliminated results obtained as being special factors because the court said, and I quote, we think the other special factor envisioned by the exceptions must be such as they're not a broad and general application. They also said that they eliminated these particular factors because these factors are quote, applicable to a broad spectrum of litigation. So that is the only from the U.S. Supreme Court. That's the only restriction. I don't see how that helps you, because what you're arguing for is essentially a form of punitive sanction against the government for misconduct, which is precisely the kind of broad category that they don't think applies. It's not a special factor. Special factor was not defined. What's the difference between difficulty of the case and egregious government misconduct? Very, very good distinction because many cases are difficult. I mean, frankly, if you have a case where the government's misconduct is so egregious that it's likely you're going to win and win easily, it seems like it would be very easy to get an attorney rather than a hard case. Another significant difference between a factor of under subsection D that applies to bad faith of the government during the trial, specifically under subsection D, the trial court can consider all the acts of the government that led to the litigation. And in our particular case. Sure, that's part of the substantial justification test. What does that have to do with the statutory cap? It's easy because they have the discretion. You can't say most of the cases where the court, where the government, where small business prevails and the court finds that the government was not substantially justified. Mostly it's because of mistakes in law, mistakes in fact. You should not be, and that would allow the government, the government in many, the court can exercise its discretion and enhance the fees so long as it's not for factors that are found in many litigations. And egregious misconduct by the government is not found frequently where they falsify declarations, where they misrepresent facts to the GAO and to the Court of Federal Claims. That is very special. That is not found in many litigations. OK, you're out of time. Thank you. I think the strongest argument he makes on the other side is the last one, which is this is really, really troublesome conduct by the government, not the government attorneys, but by those involved in the procurement process. And why shouldn't there be some remedy for that? I think Your Honor alludes to this point earlier in the questioning of Mr. Anderson in the fact that it's not necessarily up to me and it's certainly not up to the trial court to be some redress for government conduct, no matter how unjustified, no matter how troubling that conduct may be. That is left to Congress and Congress alone to determine whether or not there ought to be a special enhancement or some sort of punitive vehicle by which a court may, within its discretion, assess fees or assess actual fees or some enhancement as a result of the government's conduct. And the problem that we have with the trial court's opinion here is not necessarily the court's desire to make some sort of equitable adjustment. It's the fact that there is no explicit waiver of sovereign immunity by Congress for a court to do so. And when presented with that challenge, the court chose to simply do so anyway. And to Mr. Anderson's point. That was pretty clear. I'm sorry. It was clear that the court chose to do so. Right, and did so without citing any other authority other than Pierce. There was what we have before this court is a consideration or an appeal for a consideration of persuasive authority, like we see in the Second Circuit, the Fifth Circuit, the D.C. Circuit, where, for example, the Fifth Circuit finds to address the point of the policy goal here. The policy goal is not, as we've set forth in our brief, the policy goal is not full compensation. It is not to offer whatever actual fees are under subsection D. That scheme is set forth in subsection B. The Congress clearly, by setting a rate cap, has determined that its policy goal of reducing deterrence for challenging unreasonable government conduct is served by having a cap, that you can have a rate cap and still pursue or achieve the policy goal here. There is a pretty low rate cap. It is a low rate cap, but Congress has decided that that satisfies its policy goal. And again, it is not up to the trial court to determine, certainly without any authority on point, that it may extend what Congress's express waiver of sovereign immunity to these sorts of circumstances. Do you agree that, with your friend on the other side, that D and B are mutually exclusive? No, I am not sure what the basis of that conclusion is. We have, we believe that the court must decide in its ruling which analysis it's awarding fees under. However, there was nothing permitting... I mean, the court has to be stuck in one bucket or the other? And it's final determination, because the analysis is different for whether you present it under B or D. You can't award fees under EJIA and then also say, and I'm awarding additional fees for bad faith? Well, they both would proceed. Both sections are under the EJIA, but I think that in order to award actual fees, I mean, I think you do, the court does have to determine whether or not it's proceeding with an analysis under subsection B or D. But there's certainly nothing that prevented STARI in making its application from requesting in the alternative actual fees under B or D. How would they prove bad faith, other than what looks pretty obvious on the face of what occurred here? Would they have to take depositions? Well, they did take depositions, and they took depositions in this case specifically on their claim that the government was acting in bad faith over the course of the procurement. So in the same way that they doggedly pursued a bad faith claim, even though the court did not choose to take up that question and stop short of addressing the issue, in the same way that they took up a bad faith argument throughout the course of this litigation before GAO and before the Court of Federal Claims, they certainly could have marshaled those same facts in order to make a showing. When you say the court stopped short of addressing that issue, do we need to send it back for the court to address that issue? No, because the court was very clear that it need not do so, that it was proceeding under subsection D and that its analysis, which expanded the scope of subsection D, I'm sorry, it was very clear that it was proceeding under analysis under subsection D and that it's... But if it thought it couldn't, if it was told by us that it couldn't do what it did under D, shouldn't we say, but you should then reconsider whether or not you would have been better off under B? No, Your Honor, we believe that the court had its opportunity to consider the application that was set forth before it. Was there an application under B? There was not an application under B, but we certainly are not supporting the notion that if unsuccessful under one application as a matter of law, first of all, they were successful under subsection D. There was an award that was made. We are just challenging that piece of the award that impromiscuously grants a special factor enhancement. And so there is compensation, as was intended by Congress, started to receive that in the trial court's award. This court may correct the court's error of the enhancement without deference. It may do so without sending it back. OK, thank you.